UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sepia Vonnetta Blackstock, | ) | Civil Action No.: 4:17-cv-02999-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hartsville Magistrate Court Clerk, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 12 & 14. The Magistrate Judge recommends summarily dismissing Plaintiff's pro se complaint without prejudice. R & R at p. 6.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, proceeding pro se, has filed a complaint naming the "Hartsville Magistrate Court Clerk" as the sole Defendant and purporting to assert claims under 42 U.S.C. § 1981, Title VI of the Civil Rights Act of 1964, the Equal Protection Clause of the Fourteenth Amendment, the Freedom of Information Act ("FOIA"), and the United Nations' Universal Declaration of Human Rights. *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because (1) Defendant is entitled to quasi-judicial immunity and (2) Plaintiff fails to state any plausible claims against Defendant under the statutes and laws mentioned in her complaint. *See* R & R at pp. 4–6.

Plaintiff has filed objections, but she does not specifically object to the Magistrate Judge's proposed findings and recommendations summarized above.[3] *See Diamond* & *Camby*, *supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it). Instead, she generally "objects to the dismissal of [this] case," asks to "withdraw" her FOIA claim, and states she "would like to also add as a basis for my lawsuit violation of my political rights, which are an example of Unenumerated rights which arise from the U.S.

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Plaintiff appears to address Footnote 1 in the R & R via her submission of correspondence apparently sent to Defendant. *Compare* R & R at n.1, *with* ECF No. 14-1 at pp. 1–4. The Court notes Plaintiff's submission does not affect its decision to adopt the R & R.

2

Constitution." *See* ECF No. 14 at pp. 1–2; ECF No. 14-2 at p. 2. Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition, and therefore the Court will adopt the R & R.

## **Conclusion**

For the foregoing reasons, the Court adopts and incorporates by reference the R & R [ECF No. 12] of the Magistrate Judge. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.[4]

**IT IS SO ORDERED.**

Florence, South Carolina
April 24, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[4] In the Court's view, Plaintiff cannot cure the defects in her complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.